# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **LEROY SANTOS,** | § | |
| **TDCJ No. 2034471,** | § | |
| | § | |
| **Petitioner,** | § | |
| | § | |
| **v.** | § | **CIVIL NO. SA-18-CA-00025-XR** |
| | § | |
| **LORIE DAVIS, Director,** | § | |
| **Texas Department of Criminal Justice,** | § | |
| **Correctional Institutions Division,** | § | |
| | § | |
| **Respondent.** | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court are Petitioner Leroy Santos's pro se Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (ECF No. 1), Petitioner's supplement to his petition (ECF No. 12), Respondent's Answer (ECF No. 28), and Petitioner's Reply (ECF No. 33). Having reviewed the record and pleadings submitted by both parties, the Court concludes Petitioner is not entitled to relief under the standards prescribed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *See* 28 U.S.C. § 2254(d). Petitioner is also denied a certificate of appealability.

## I. Background

On November 6, 2015, a Bexar County jury found Petitioner guilty of possession with intent to deliver heroin, in the amount of four or more grams but less than 200 grams, and further found Petitioner was a habitual offender. (ECF No. 22-17 at 198). The jury assessed punishment at a term of 25 years' imprisonment. (*Id.*). The Fourth Court of Appeals summarized the facts presented at trial:

After receiving a confidential informant's tip and conducting an independent investigation, Bexar County sheriff deputies obtained a search warrant to search the premises at 1703 Ceralvo Street in San Antonio, Texas, for heroin and any items used in the sale, packaging, weighing, or ingestion of illegal narcotics. The following day, the deputies executed the warrant. The deputies knocked and announced their presence and heard commotion inside the residence. Upon entering, the deputies saw Santos coming from the bathroom. His clothes were wet. A bag containing heroin was retrieved from the toilet and another bag of heroin was found next to the toilet. Only Santos and one other occupant of the residence were present during the execution of the search warrant. Deputies also found a scale, lactose, and sandwich baggies during the search. Santos and another occupant of the residence, Denise Benavides, were arrested.

*Santos v. State*, No. 04-15-00720-CR, 2016 WL 4772362, at *1 (Tex. App.—San Antonio 2016, pet. ref'd ).

Petitioner's conviction and sentence were affirmed on appeal, and the Texas Court of Criminal Appeals refused a petition for discretionary review. *Id.* Petitioner sought a state writ of habeas corpus. (ECF No. 22-36 at 9–17). The state habeas trial court made findings of fact and recommended the writ be denied. (ECF No. 22-36 at 52–59). The Texas Court of Criminal Appeals denied the writ without written order on the findings of the trial court. (ECF No. 22-30).

In his § 2254 petition, Petitioner asserts claims of juror bias, ineffective assistance of trial and appellate counsel, trial court error, insufficiency of the evidence, cumulative error, and a violation of *Brady v. Maryland*, 373 U.S. 83 (1963). (ECF No. 1 at 6-20). Respondent allows the petition is timely and argues two of Petitioner's claims are unexhausted and procedurally barred, and that his other claims must be denied on the merits. (ECF No. 28 at 1, 5).

## II. <u>Standard of Review</u>

### A. Review of State Court Adjudications

Petitioner's habeas petition is governed by the heightened standard of review provided by the AEDPA, codified at 28 U.S.C. § 2254. Under section 2254(d), a petitioner may not obtain

federal habeas corpus relief on any claim that was adjudicated on the merits in state court proceedings, unless the adjudication of that claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or resulted in a decision based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. *Brown v. Payton*, 544 U.S. 133, 141 (2005). This intentionally difficult standard stops just short of imposing a complete bar on federal court relitigation of claims already rejected in state proceedings. *Harrington v. Richter*, 562 U.S. 86, 102 (2011).

A federal habeas court's inquiry into unreasonableness should always be objective rather than subjective, with a focus on whether the state court's application of clearly established federal law was "objectively unreasonable" and not whether it was incorrect or erroneous. *McDaniel v. Brown*, 558 U.S. 120, 132-33 (2010); *Wiggins v. Smith*, 539 U.S. 510, 520–21 (2003). Even a strong case for relief does not mean the state court's contrary conclusion was unreasonable, regardless of whether the federal habeas court would have reached a different conclusion. *Richter*, 562 U.S. at 102. Instead, a petitioner must show the state court's decision was objectively unreasonable, a "substantially higher threshold." *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007); *Lockyer v. Andrade*, 538 U.S. 63, 75–76 (2003). As long as "fairminded jurists could disagree" on the correctness of the state court's decision, the state court's determination that a claim lacks merit precludes federal habeas relief. *Richter*, 562 U.S. at 101.

## B. Review of Ineffective Assistance of Counsel Claims

Sixth Amendment claims alleging ineffective assistance of trial counsel are reviewed under the familiar two-prong test established in *Strickland v. Washington*, 466 U.S. 668 (1984).

Under *Strickland*, to establish a violation of his Sixth Amendment right to counsel the petitioner must demonstrate counsel's performance was deficient and the deficiency prejudiced his defense. 466 U.S. at 687–88, 690. According to the Supreme Court, "[s]urmounting *Strickland*'s high bar is never an easy task." *Padilla v. Kentucky*, 559 U.S. 356, 371 (2010).

In determining whether counsel performed deficiently, courts "must be highly deferential" to counsel's conduct, and a petitioner must show that counsel's performance fell beyond the bounds of prevailing professional standards. *Strickland*, 466 U.S. at 687–89. Counsel is "strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Burt v. Titlow*, 571 U.S. 12, 22 (2013) (quoting *Strickland*, 466 U.S. at 690). "A conscious and informed decision on trial tactics and strategy cannot be the basis for constitutionally ineffective assistance of counsel unless it is so ill chosen that it permeates the entire trial with obvious unfairness." *Cotton v. Cockrell*, 343 F.3d 746, 752–53 (5th Cir. 2003). The Supreme Court has explained: "Just as there is no expectation that competent counsel will be a flawless strategist or tactician, an attorney may not be faulted for a reasonable miscalculation or lack of foresight or for failing to prepare for what appear to be remote possibilities." *Richter*, 562 U.S. at 110. Accordingly, there is a strong presumption that an alleged deficiency "'falls within the wide range of reasonable professional assistance.'" *Feldman v. Thaler*, 695 F.3d 372, 378 (5th Cir. 2012) (quoting *Strickland*, 466 U.S. at 689).

To demonstrate prejudice, a petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. "The likelihood of a different result must be substantial,

not just conceivable." *Richter*, 562 U.S. at 112. Because this showing of prejudice must be "rather appreciable," a mere allegation of prejudice or the possibility of a different outcome is not sufficient to satisfy the prejudice prong of *Strickland*. *Armstead v. Scott*, 37 F.3d 202, 206 (5th Cir. 1994); *see also Crane v. Johnson*, 178 F.3d 309, 312 (5th Cir. 1999).

A habeas petitioner has the burden of proving both prongs of the *Strickland* test. *Rogers v. Quarterman*, 555 F.3d 483, 489 (5th Cir. 2009); *Blanton v. Quarterman*, 543 F.3d 230, 235 (5th Cir. 2008). An ineffective assistance of counsel claim fails if the petitioner cannot establish either deficient performance or prejudice and, accordingly, the Court need not evaluate both prongs of the test if the petitioner makes an insufficient showing as to either performance or prejudice. *Strickland*, 466 U.S. at 697; *Blanton*, 543 F.3d at 235-36. Finally, ineffective assistance of counsel claims are considered mixed questions of law and fact and are analyzed under the "unreasonable application" standard of 28 U.S.C. § 2254(d)(1). *See Gregory v. Thaler*, 601 F.3d 347, 351 (5th Cir. 2010).

## III. Merits Analysis

### A. Juror Bias (Claim 1)

Petitioner asserts the trial court erred by failing to *sua sponte* dismiss venireperson Veronica Pena "because she demonstrated actual bias when she stated during voir dire that she had lost a friend to drugs and that she would come into this case biased." (ECF No. 33 at 2). Petitioner raised this claim in his state habeas action, alleging that this

> obviously biased venireperson stated that in her eyes, petitioner was already guilty, because she lost a close friend due to drugs. She also stated that she could not be fair if petitioner did not testify on his own behalf because his silence would show his guilt. . . . There was no response from the court [or] trial counsel as to expression of [a]ctual bias toward petitioner.

(ECF No. 22-36 at 9).

The habeas trial court recommended denial of this claim because it found, as a matter of fact, that Ms. Pena indicated she could be fair and unbiased, and that she "would not hold Applicant's rights under the Fifth Amendment against Applicant." (ECF No. 22-36 at 54). The Court of Criminal Appeals denied relief on this claim without written order on the findings of the trial court. That decision was not contrary to or an unreasonable application of federal law, nor was it an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

The Supreme Court defines an impartial juror as an "indifferent juror." *Murphy v. Florida*, 421 U.S. 794, 799 (1975). "It is sufficient if a juror can lay aside his impression or opinion and render a verdict based on the evidence presented in court." *Irvin v. Dowd*, 366 U.S. 717, 722 (1961). A federal habeas court must initially presume that the juror was impartial. *Id.* at 723–24. Where bias is not presumed as a matter of law, the question of juror bias is one of historical fact. *Wainwright v. Witt*, 469 U.S. 412, 428 (1985).

A juror harbors an actual bias, such that she may be excluded for cause, if her "views would prevent or substantially impair the performance of [her] duties as a juror in accordance with [her] instructions and [her] oath." *Soria v. Johnson*, 207 F.3d 232, 242 (5th Cir. 2000) (*quoting Witt*, 469 U.S. at 424). On federal habeas corpus review, proof of actual bias requires a showing that the juror in a given case had "such fixed opinions that they could not judge impartially the guilt of the defendant." *Chavez v. Cockrell*, 310 F.3d 805, 811 (5th Cir. 2002). A juror is disqualified, for example, if she unequivocally states during voir dire that she cannot be fair and impartial. *Virgil v. Dretke*, 446 F.3d 598, 613 (5th Cir. 2006). In determining whether a

prospective juror exhibited actual bias during voir dire questioning, the reviewing court must consider the juror's answer in context with the initial question asked as well as with any subsequent modifications. *See id.* at 608. Furthermore, a state court's finding of fact that a juror was impartial is presumptively correct if supported by the record. *Patton v. Yount*, 467 U.S. 1025, 1038–39 (1984).

The state court's denial of Petitioner's claim that Ms. Pena was actually biased was not an unreasonable determination of fact based on the record in this matter. The trial record includes the following exchange between Ms. Pena and defense counsel:

> Q. Would [Ms. Pena's friend's drug use] affect you from being fair and impartial?
> A. Not for that reason.
> Q. For what reason?
> A. Well, the fact that I've had some friends and close relatives involved in drugs. I personally had an abusive relationship when he was high.
> THE COURT: I can't hear.
> VENIREPERSON: I had an abusive relationship where he was high, and I have like two metal plates on my face. And I have a cousin who's actually fallen victim to heroin. She's lost four of her kids.
> Q. (BY MR. NAJERA) I see. Okay.
> A. I mean, not that I wouldn't go by the law. The law is the law, but it just…
> Q. You're saying based on these prior experiences you dealt with, you feel you would come into this case biased one way or the other?
> A. Yeah.
> Q. Yes?
> A. Yes.
> Q. Thank you very much.

(ECF No. 22-20 at 120–21).

Ms. Pena did state that she would be biased, but did not state that she was biased against Petitioner. When the venire panel was asked whether they could be fair given the charge in this case, Ms. Pena indicated that she could be fair given the charge. (ECF No. 22-20 at 89–90). To the extent that there was any lack of clarity in the record of Ms. Pena's voir dire statements, the

Supreme Court has concluded that ambiguous statements "are insufficient to overcome the presumption of correctness owed to the trial court's findings." *Patton*, 467 U.S. at 1040. When viewed in context, Ms. Pena's comments do not constitute a definite expression of an inability to be fair and impartial. *Compare Virgil*, 446 F.3d at 613; *see also Seigfried v. Greer*, 372 F. App'x 536, 540 (5th Cir. 2010) ("Although the statements made by Juror 2 hinted at possible bias against Seigfried, Juror 2 never explicitly stated that she could not be an impartial juror. In contrast to the statements by Juror 2 during voir dire, both this court and others courts have found actual bias where a juror forthrightly states that she could not be fair and impartial."). Based on this record, this Court concludes that the finding of impartiality was reasonable because Ms. Pena's responses as a whole did not reflect a fixed opinion about Petitioner's guilt or an unequivocal statement that she could not serve as a fair and impartial juror. *See Chavez*, 310 F.3d at 811.

The Supreme Court has held that the issue of actual juror bias is a question of fact. *Patton v. Yount*, 467 U.S. 1025, 1036 (1984). Although the habeas trial court was not the convicting court, the state habeas court's factual finding that Ms. Pena was not actually biased is entitled to a presumption of correctness unless it was not fairly supported by the record, and may be overcome only by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *Miller v. Thaler*, 714 F.3d 897, 903 (5th Cir. 2013). Petitioner has not presented clear and convincing evidence that Ms. Pena was actually biased against Petitioner. Petitioner's allegation that "[Ms. Pena] also stated that she could not be fair if petitioner did not testify on his own behalf because his silence would show his guilt" is not supported by the record. Petitioner fails to demonstrate that the state court's decision was an unreasonable application of clearly established Supreme Court law or an

unreasonable application of the facts in light of the evidence presented in the state court proceedings.

Because there is no evidence Ms. Pena was actually biased against Petitioner, the state court's decision to deny relief was not based on an unreasonable determination of the facts in light of the evidence nor was it an unreasonable application of federal law.

## B. Ineffective Assistance of Trial Counsel - Failure to Strike Biased Juror (Claim 2)

Petitioner contends counsel was ineffective for failing to strike Ms. Pena from the jury panel. (ECF No. 1 at 13). He alleges he asked counsel to strike Ms. Pena and counsel "failed" to do so. (*Id.*) Petitioner makes the conclusory allegation that Ms. Pena's presence "tainted the entire Jury." (*Id.*).

Petitioner raised this claim in his state habeas action. Counsel responded that he did not strike Ms. Pena for strategic reasons because she indicated she could be impartial and because her statements did not indicate she was unwaveringly biased against Petitioner. (ECF No. 22-36 at 48–49). Counsel explained he used his peremptory strikes on venirepersons who were biased in favor of the police because Petitioner's defense was predicated on "convincing the jury that the officers involved were lying and had set him up." (ECF No. 22-36 at 49). Trial counsel also denied Petitioner's allegation that trial counsel did not strike Ms. Pena despite Petitioner's instruction to the contrary:

> Mr. Santos states in his writ that he asked me to remove the juror and that I failed to do so. That statement is false. Not only did I go through every potential strike with Mr. Santos, I also had him sign the strike list to which he agreed before submitting it to the court.

(*Id.*).

The state habeas court found trial counsel's statements truthful and credible and concluded counsel had a reasonable strategy with regard to the selection of jurors. (ECF No. 22-36 at 54–57). The Court of Criminal Appeals denied relief on this claim without written order on the findings of the trial court.

Counsel is only ineffective for failing to strike a biased juror when it is established that the juror was actually biased. *Virgil*, 446 F.3d at 608–10. Petitioner has not presented clear and convincing evidence that Ms. Pena was actually biased. Ms. Pena's statements did not indicate that she had "such fixed opinions that [she] could not judge impartially the guilty of the defendant." *Patton*, 467 U.S. at 1035; *Seigfried*, 372 F. App'x at 540. Furthermore, counsel stated a legitimate strategic decision for saving his peremptory strikes for other venirepersons, and counsel's strategic decision in this regard was not objectively unreasonable. *Morales v. Thaler*, 714 F.3d 295, 305–06 (5th Cir. 2013); *Virgil*, 446 F.3d at 608-09; *Teague v. Scott*, 60 F.3d 1167, 1172 (5th Cir. 1995) (an "attorney's actions during voir dire are considered to be a matter of trial strategy."). Additionally, Petitioner makes only the conclusory allegation of prejudice, i.e., that the seating of Ms. Pena "tainted" the jury. Conclusory statements of prejudice are insufficient to support a claim of ineffective assistance of counsel. *Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000).

Because Petitioner has not shown that counsel's alleged failure to strike Ms. Pena from the jury panel was an unreasonable trial strategy or prejudicial, the state court's denial of this claim was not an unreasonable application of *Strickland*.

## C. Ineffective Assistance of Trial Counsel - Inadequate Investigation (Claim 3)

Petitioner argues his counsel was ineffective for failing to adequately investigate the facts of his case. Petitioner asserts counsel did not visit the crime scene to interview potential witnesses, did not learn of a co-defendant's plea agreement, and did not investigate the amount of drug evidence presented at trial. (ECF No. 1 at 14–15). Petitioner raised these claims in his state habeas action, and counsel responded:

> Mr. Santos claims that I failed to visit the crime scene. This statement is also false. While the home in question was a private residence to which I did not have access, I was able to view the home from the outside to see how the police did their surveillance of the area. I also viewed the video taken by the officers when the raid was conducted. The video clearly showed all the areas in question, including the hallway and bathroom, which Mr. Santos [alludes] to in his Writ.

> Mr. Santos never claimed there were any potential witnesses other than the co-defendant who was represented by counsel Edward Bartolomei. Mr. Bartolomei would not allow me to speak with his client about the allegations. The only other witness mentioned by Mr. Santos was the owner of the residence whom Mr. Santos claimed would show that Mr. Santos was not the lessor of the property. However, Mr. Santos not being the lessor of the property was already established through my cross examination of the lead detective in the case, along with the fact that we were claiming the actual lessor of the property was the confidential informant who set up Mr. Santos. Additionally, Mr. Santos fails to mention that he, himself, states on the video that he was temporarily staying at the residence in question and that his belongings, including clothing, were at the residence.

(ECF No. 22-36 at 49). The state habeas trial court found trial counsel's affidavit credible and concluded counsel rendered effective assistance. (ECF No. 22-36 at 57). The Court of Criminal Appeals denied relief on the findings of the trial court.

*Strickland* requires counsel to undertake a reasonable investigation. 466 U.S. at 690–91; *Charles v. Stephens*, 736 F.3d 380, 389 (5th Cir. 2013). Counsel must, at minimum, interview potential witnesses and make an independent investigation of the facts and circumstances of the

case. *Kately v. Cain*, 704 F.3d 356, 361 (5th Cir. 2013). In assessing the reasonableness of counsel's investigation, a heavy measure of deference is applied to counsel's judgments. *Strickland*, 466 U.S. at 691. Under *Strickland*, a petitioner cannot "simply allege but must affirmatively prove prejudice" when complaining of counsel's failure to investigate. *Wilkerson v. Collins*, 950 F.2d 1054, 1065 (5th Cir. 1992).

The state habeas court's factual determinations, including credibility findings, are entitled to a presumption of correctness. *Richards v. Quarterman*, 566 F.3d 553, 563–64 (5th Cir. 2009). The state habeas court's factual finding, that counsel's investigation was adequate, has not been rebutted with clear and convincing evidence. Petitioner has not alleged with specificity what any further investigation would have revealed or how it would have altered the outcome of the trial. *Druery v. Thaler*, 647 F.3d 535, 541 (5th Cir. 2011). Petitioner has not pointed to exculpatory evidence that trial counsel should allegedly have uncovered, or proven that an undiscovered witness would have testified in his favor. *Gregory v. Thaler*, 601 F.3d 347, 353 (5th Cir. 2010); *Day v. Quarterman*, 566 F.3d 527, 538 (5th Cir. 2009).

Petitioner alleges that trial counsel did not investigate the "amount of drug evidence introduced at trial." (ECF No. 1 at 14). Petitioner is unable to establish any prejudice with regard to this alleged failure. Petitioner was convicted of possession with intent to distribute more than 4 grams of heroin. Petitioner has not established that further investigation would have resulted in an acquittal because there was unequivocally at least four grams of heroin recovered from the crime scene. (ECF No. 22-22 at 66–67).

Because Petitioner has not established that counsel's investigation of his case was deficient or that he was prejudiced by any alleged failure to investigate, the state court's conclusions were not an unreasonable application of *Strickland*.

**D. Ineffective Assistance of Appellate Counsel (Claim 4)**

Petitioner contends appellate counsel was ineffective for failing to challenge the admission of Officer Gonzales's testimony regarding the confidential informant's out-of-court statements as hearsay. (ECF No. 1 at 15–16). Petitioner raised this claim in his state habeas action, and his appellate counsel responded that Officer Gonzales's statements involving the confidential information were admissible under state law. (ECF No. 22-36 at 55). The habeas trial court found appellate counsel's statements truthful and credible, and concluded appellate counsel's performance was neither deficient nor prejudicial. (ECF No. 22-36 at 56–58). The Court of Criminal Appeals denied relief on the basis of the trial court's findings and conclusions.

The state court's denial of relief on this claim was not an unreasonable application of federal law. To succeed on an ineffective assistance of appellate counsel claim, a petitioner must show that his counsel's performance was "deficient," i.e., objectively unreasonable. *Smith v. Robbins*, 528 U.S. 259, 285 (2000); *Dorsey v. Stephens*, 720 F.3d 309, 319 (5th Cir. 2013). To find deficient performance when appellate counsel filed a merits brief, a petitioner must show that "a particular nonfrivolous issue was clearly stronger than issues counsel did present." *Smith*, 528 U.S. at 288. Appellate counsel need not and should not raise every non-frivolous claim but may select from among them to maximize the likelihood of success on appeal. *Id.*; *Jones v. Barnes*, 463 U.S. 745, 751 (1983). If the petitioner is able to establish that appellate counsel's performance was deficient, he then must demonstrate prejudice arising from the deficient

performance. To establish prejudice, the petitioner must show a reasonable probability that, but for his counsel's unreasonable failure to assert a particular claim on appeal, he would have prevailed in the appeal. *Smith*, 528 U.S. at 286; *Moreno v. Dretke*, 450 F.3d 158, 168 (5th Cir. 2006).

If a state appellate court found a claim based on the interpretation of state law without merit, such as the admissibility of evidence, counsel's failure to assert the claim cannot be found prejudicial. *Garza v. Stephens*, 738 F.3d 669, 677 (5th Cir. 2013). In denying relief on this claim, the Court of Criminal Appeals impliedly found no error in appellate counsel's failure to challenge the admission of the officer's testimony as hearsay, a determination entitled to deference by the Court. *Charles v. Thaler*, 629 F.3d 494, 500-01 (5th Cir. 2011). The record in this matter indicates appellate counsel exercised professional judgment in selecting claims to raise and his performance was not, therefore, below prevailing professional norms. *See Smith v. Murray*, 477 U.S. 527, 536 (1986). Accordingly, the state court's denial of this claim was not an unreasonable application of *Strickland* or *Smith*.

**E. Trial Court Error (Claim 5)**

Petitioner alleges the trial court committed reversible error by denying the defense's motion to suppress evidence because the search warrant was not supported by adequate facts to establish probable cause. (ECF No. 1 at 16). Petitioner raised this claim in his appeal, and the claim was denied. However, Petitioner did not present this claim in his petition for discretionary review. Accordingly, the claim was not fairly presented to the state's highest court in a procedurally correct manner and, therefore, the claim is procedurally defaulted. *Baldwin v. Reese*, 541 U.S. 27, 29 (2004); *Moore v. Cain*, 298 F.3d 361, 364 (5th Cir. 2002).

Regardless of any procedural default of this claim, it must be denied because it is not cognizable in a federal habeas action. A habeas petitioner asserting a Fourth Amendment violation is not eligible for relief if they had a full and fair opportunity to litigate the claim in the state courts. *Stone v. Powell*, 428 U.S. 465, 494–95 (1976); *O'Quinn v. Estelle*, 574 F.2d 1208, 1209-10 (5th Cir. 1978). Furthermore, errors in adjudicating Fourth Amendment claims are not an exception to *Stone*'s bar. *Moreno v. Dretke*, 450 F.3d 158, 167 (5th Cir. 2006); *Swicegood v. Alabama*, 577 F.2d 1322, 1324 (5th Cir. 1978). Because Petitioner had the opportunity to litigate his Fourth Amendment claim in the state courts, he is not entitled to federal habeas relief on this claim.

### F. Insufficiency of the Evidence (Claim 6)

Petitioner asserts there was insufficient evidence to sustain his conviction. Petitioner raised this claim in his appeal and in his petition for discretionary review. (ECF No. 22-12 at 1–2). The appellate court concluded there was sufficient evidence to sustain Petitioner's conviction and the Court of Criminal Appeals declined to review this decision.

The Supreme Court held in *Jackson v. Virginia* that the Due Process Clause of the Fourteenth Amendment protects a criminal defendant against conviction "except upon sufficient proof – defined as evidence necessary to convince a trier of fact beyond a reasonable doubt of the existence of every element of the offense." 443 U.S. 307, 316 (1979). When the sufficiency of the evidence is challenged, "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Id.* (emphasis in original). The practical implication of this in a habeas proceeding is that "a reviewing court 'faced with a record of

historical facts that supports conflicting inferences must presume — even if it does not affirmatively appear in the record — that the trier of fact resolved any such conflicts in favor of the prosecution, and must defer to that resolution.'" *McDaniel*, 558 U.S. at 133 (quoting *Jackson*, 443 U.S. at 326).

Petitioner asserts there was insufficient evidence of his guilt because the State did not prove he had "exclusive control" of the places where the seized drugs were found. (ECF No. 33 at 11). He notes that, although the heroin found in the bathroom was accessible to Petitioner, it was also accessible to other individuals. *Id.* The Court of Appeals noted that, pursuant to the Texas doctrine of "affirmative links," the State was "not required to prove sole, exclusive possession of the illegal drug" to establish guilt. *Santos*, 2016 WL 4772362, at *4. After reciting the evidence produced at trial, the appellate court further concluded:

> . . . From this evidence, the jury could have reasonably concluded that Santos was disposing of the heroin when the officers entered the residence. Additionally, Santos admitted to the officers that he had clothing at the residence and that he had been staying at the residence for a few months. The officers further found a working digital scale, a large bottle of lactose, and two boxes of sandwich baggies in the living room of the residence. Testimony showed that these items are utilized by drug traffickers in preparing the drugs for individual sale.

> Thus, the evidence in this case demonstrated sufficient affirmative links for the jury to conclude that Santos exercised control, management, or care over the heroin. Santos was present when the search was conducted and he admitted that he had been staying at the residence for the past several months. The scale, the lactose, [and] the baggies, were found in plain view in the living room. When the officers entered the residence, a baggy of heroin was found on the hallway floor and another baggy of heroin was found floating in the toilet. Additional baggies of heroin were later retrieved from the toilet. When the officers first saw Santos, he was in close proximity to the heroin. In fact, Santos appeared to be in the process of disposing of the heroin, which amounts to conduct demonstrating a consciousness of guilt. We conclude that the logical force of all of the evidence supports the jury's verdict.

*Id.* at *5.

A federal court reviewing a habeas petition raising a *Jackson* claim must apply a "twice-deferential standard." *Parker v. Matthews*, 567 U.S. 37, 43 (2012). "[A] state-court decision rejecting a sufficiency challenge may not be overturned on federal habeas unless the decision was objectively unreasonable." *Id.* (internal quotations omitted). Circumstantial evidence is sufficient to support a jury's verdict. *Jackson*, 443 U.S. at 324–25; *Green v. Johnson*, 160 F.3d 1029, 1047 (5th Cir. 1998). And the interpretation of state law by a state appellate court is entitled to deference by this Court. *Young v. Dretke*, 356 F.3d 616, 628 (5th Cir. 2004). Because there was sufficient evidence presented to the jury that a rational trier of fact could have found Petitioner's guilt beyond a reasonable doubt, the state court's denial of Petitioner's insufficiency of the evidence claim was not an unreasonable application of federal law.

## G. *Brady* Violation (Claim 7)

Petitioner argues the State committed a violation of *Brady v. Maryland* by failing to disclose the confidential informant's identity and by failing to reveal a co-defendant's plea agreement. (ECF No. 1 at 18-19).[1] Petitioner did not raise this claim in his appeal or in his state application for a writ of habeas corpus.

---

[1] Petitioner's trial counsel filed a motion for disclosure of the confidential informant's identity, which was denied. (ECF No. 22-17 at 115-18). The denial of the motion was in accordance with state law:

> The State has a privilege to refuse to disclose the identity of a person who has furnished information relating to or assisting in an investigation of a possible violation of the law to a law enforcement officer. Tex. R. Evid. 508(a). But exceptions to the rule exist. That in play here requires disclosure if "it appears . . . that an informer may be able to give testimony necessary to a fair determination of a material issue on . . . guilt or innocence in a criminal case . . . ." *Id.* 508(c)(2). The burden lies with the defendant to satisfy the terms of the exception, though, and this obligates him to establish that the information is necessary and significant. *Ford v. State*, 179 S.W.3d 203, 210 (Tex. App.─Houston [14th Dist.] 2005, pet. ref'd). In other words, the defendant must illustrate the presence of a reasonable probability that the informer may give testimony necessary to a determination of guilt or innocence. *State v. Sotelo*, 164 S.W.3d 759, 761

"[A]bsent special circumstances, a federal habeas petitioner must exhaust his state remedies by pressing his claims in state court before he may seek federal habeas relief." *Orman v. Cain*, 228 F.3d 616, 619–20 (5th Cir. 2000). Federal courts lack the power to grant habeas corpus relief on an unexhausted claim. *Kunkle v. Dretke*, 352 F.3d 980, 988 (5th Cir. 2003). To exhaust his state remedies, a habeas petitioner must present his claims to the state's highest court in a procedurally correct manner. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999).

Petitioner is unable to return to state court to present any unexhausted federal habeas claims because doing so would be barred by Texas's abuse of the writ doctrine. *Fuller v. Johnson*, 158 F.3d 903, 906 (5th Cir. 1998). Accordingly, any federal habeas claims not raised in Petitioner's petition for discretionary review or in his state habeas action are deemed procedurally defaulted. *O'Sullivan*, 526 U.S. at 848; *Bledsue v. Johnson*, 188 F.3d 250, 254 (5th Cir. 1999). Federal habeas relief on the basis of a procedurally defaulted claim is barred unless the petitioner can demonstrate cause for the default and actual prejudice arising from the default, or demonstrate the failure to consider the claim will result in a fundamental miscarriage of justice. *Coleman v. Thompson*, 501 U.S. 722, 750 (1991).

To establish cause, a petitioner must show some external force impeded his efforts to comply with the state's procedural rule regarding proper presentment of the claims in the state courts. *Id.* at 753. To demonstrate prejudice, the petitioner must show the error "worked to his

---

(Tex.App.—Corpus Christi 2005, no pet.). The proffer of mere speculation or conjecture is not enough, however . . .

Next, the decision about whether to order the disclosure of the informant's identity under Rule 508 lies within the trial court's discretion. *Morrel v. State*, supra . . . Unless the ruling is "so clearly wrong as to lie outside the zone of reasonable disagreement," it must be affirmed. *Id.*

*Thomas v. State*, 417 S.W.3d 89, 91-92 (Tex. Crim.—Amarillo 2013, no pet.) (some internal citations omitted).

Petitioner alleges the State did not disclose the terms of a plea agreement reached with Petitioner's co-defendant, Ms. Benavides. The undersigned notes Ms. Benavides did not testify at Petitioner's trial.

actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *Smith v. Quarterman*, 515 F.3d 392, 403 (5th Cir. 2008) (internal quotations omitted). To establish a fundamental miscarriage of justice, the petitioner must make a "persuasive showing" he is actually innocent of the crime of conviction, i.e., that as a factual matter, he did not commit the crime for which he was convicted. *Finley v. Johnson*, 243 F.3d 215, 220 (5th Cir. 2001).

Petitioner does not address the procedural default of his unexhausted claims in his reply, nor does he assert any cause for, or prejudice arising from, his procedural default of his unexhausted claims. (ECF No. 33). Nor does Petitioner make a persuasive showing he is factually innocent of the crime of conviction. *Id.* Accordingly, relief may not be granted on the basis of this procedurally defaulted claim.

Furthermore, no *Brady* violation occurred. The elements of a *Brady* claim are: (1) the evidence at issue must be favorable to the accused; (2) the evidence must have been suppressed by the State, either willfully or inadvertently; and (3) the evidence must be "material" to the defendant's guilt or punishment. *Banks v. Dretke*, 540 U.S. 668, 691 (2004). In this matter, there is no basis for a finding that the confidential informant's identity would be exculpatory, and the federal courts have repeatedly rejected claims that the failure to identify a confidential informant violated the *Brady* doctrine or a defendant's confrontation or Sixth Amendment rights. *See McCray v. Illinois*, 386 U.S. 300, 312–14 (1967) (declining to find that the federal constitution mandates the disclosure of confidential informants); *Williams v. Brown*, 609 F.2d 216, 220 (5th Cir. 1980); *Gonzales v. Beto*, 425 F.2d 963, 971 (5th Cir. 1970) (holding there was no violation of due process or confrontation rights for failing to disclose the identity of a confidential

informant); *Phillips v. Cardwell*, 482 F.2d 1348, 1349 (6th Cir. 1973) (stating that it is doubtful that a claim for failure to produce the identity of an informant is cognizable in habeas corpus).

**H. Cumulative Error (Claim 8)**

Petitioner asserts that "[t]he multiple errors presented in this petition should . . . be considered . . . to determine the possibility of prejudice in the instant case, not on an individual basis." (ECF No. 1 at 20). Petitioner raised an identical claim in his state habeas action. (ECF No. 22-36 at 17). The habeas trial court did not make any findings or assert any conclusions with regard to this claim, and the Court of Criminal Appeals denied the writ without written order.

The state court's denial of relief was not clearly contrary to federal law, because the United States Supreme Court has never squarely held that errors which do not individually provide a basis for habeas relief can provide a basis for relief if cumulated. *See Derden v. McNeel*, 978 F.2d 1453, 1456 (5th Cir. 1992) ("That the constitutionality of a state criminal trial can be compromised by a series of events none of which individually violated a defendant's constitutional rights seems a difficult theoretical proposition and is one to which the Supreme Court has not directly spoken."). The Fifth Circuit Court of Appeals has held:

> [F]ederal habeas corpus relief may only be granted for cumulative errors in the conduct of a state trial where (1) the individual errors involved matters of *constitutional dimension* rather than mere violations of state law; (2) the errors were not procedurally defaulted for habeas purposes; and (3) the errors "so infected the entire trial that the resulting conviction violates due process."

*Id.* at 1454 (quoting *Cupp v. Naughten*, 414 U.S. 141, 147 (1973)).

Additionally, because none of the errors alleged by Petitioner constitute a violation of his constitutional rights, the "cumulation" of these errors does not provide a basis for relief pursuant because he has not shown the errors violated his right to due process of law by rendering his trial

fundamentally unfair. The Fifth Circuit has regularly rejected cumulative error claims when the errors were not of constitutional dimension. *Coble v. Quarterman*, 496 F.3d 430, 440 (5th Cir. 2007); *Livingston v. Johnson*, 107 F.3d 297, 309 (5th Cir. 1997).

## IV. <u>Certificate of Appealability</u>

The Court next determines whether to issue a certificate of appealability (COA). *See* Rule 11(a) of the Rules Governing § 2254 Proceedings; *Miller–El v. Cockrell*, 537 U.S. 322, 335–36 (2003) (citing 28 U.S.C. § 2253(c)(1)). A COA may issue only if a petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). If a district court rejects a petitioner's constitutional claims on the merits, the petitioner must demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). This requires a petitioner to show "that reasonable jurists could debate whether the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller–El*, 537 U.S. at 336 (citation omitted).

A district court may deny a COA *sua sponte* without requiring further briefing or argument. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). For the reasons set forth above, the Court concludes reasonable jurists would not debate the conclusion that Mr. Santos is not entitled to federal habeas relief. As such, a COA will not issue.

## VI. <u>Conclusion and Order</u>

The state court's denial of Petitioner's claims of juror bias, cumulative error, and ineffective assistance of counsel, were not an unreasonable application of clearly established federal law or an unreasonable determination of the facts based on the state court record.

Petitioner has not shown cause for, or prejudice arising from, his failure to properly exhaust his procedurally defaulted *Brady* claim in the state courts. Additionally, Petitioner's *Brady* claim fails on the merits. Petitioner's Fourth Amendment claim is not cognizable in a federal habeas action.

Accordingly, based on the foregoing reasons,

**IT IS HEREBY ORDERED** that:

1. Federal habeas corpus relief is **DENIED** and petitioner Leroy Santos's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 petition (ECF No. 1) is **DENIED**;

2. No Certificate of Appealability shall issue in this case; and

3. Motions pending, if any, are **DENIED**, and this case is now **CLOSED**.

It is so **ORDERED**.

**SIGNED** this 20th day of August, 2018.


_____
**XAVIER RODRIGUEZ**
**UNITED STATES DISTRICT JUDGE**